IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| PHILLIP KYLE COX, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 1:21-cv-1287 |
| | § | |
| UNITED PARCEL SERVICE, INC. | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

_____

## DEFENDANT'S NOTICE OF REMOVAL
_____

United Parcel Service, Inc. (Ohio), incorrectly named as United Parcel Services, ("UPS"), Defendant in the above-entitled and numbered action, files this Notice of Removal of the underlying state court action under 28 U.S.C. §§ 1332 and 1441, and in support thereof, respectfully shows the following:

### I.    INTRODUCTION

1.    Defendant removes this state-law action brought by Pro Se Plaintiff Phillip Kyle Cox, under 28 U.S.C. §§ 1332 & 1441 and based on diversity jurisdiction.  UPS and Cox are citizens of different states, and Cox seeks damages in excess of the $75,000 threshold required for the exercise of diversity jurisdiction.  UPS also files this Notice of Removal within thirty days of service of Cox's Original Petition, the first pleading to allege removable claims in this cause, as required by 28 U.S.C. § 1446(b).

### II.    FACTUAL BACKGROUND

2.    On March 17, 2021, Cox filed his Motion to Commence a Lawsuit ("Motion") against UPS in the Denver District Court, styled *Phillip Kyle Cox v. United Parcel Services.*; Case No. 21CV143.  Ex. 1, Pl.'s Orig. Pet.  In his motion, Cox asserts state-law claims for (1)

racial discrimination; (2) intentional infliction of emotional duress; (3) wrongful discharge or termination; (4) wage and hour dispute claims; and (5) whistleblower retaliation.  *Id*., at 1, 3. Cox seeks general damages of $1,000,000.00.  *Id*., at 3.

3.      Cox served UPS with his Motion on April 22, 2021.  *See* Ex. 2, Proof of Service.

4.      UPS now timely files its Notice of Removal within 30 days of receiving service of process of Cox's Motion in accordance with 28 U.S.C. § 1446(b)(1).

### III.   ARGUMENTS & AUTHORITIES

5.      Under 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  In the present case, the Court possesses diversity jurisdiction because "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a).  As explained in detail below, both diversity jurisdiction requirements are satisfied in this case.

*A.      UPS and Cox Are Citizens of Different States.*

6.      Section 1332(c)(1) states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."  28 U.S.C. § 1332(c)(1).  Under this definition, UPS is not, and was not at the time this lawsuit was filed, a citizen of the State of Colorado and is completely diverse in citizenship from Cox, who is a citizen of the State of Colorado.  *See* Ex. 1, Pl.'s Orig. Pet. at 2 (wherein Cox lists his residential address in Aurora, CO).[1]  In other words, UPS and Cox are citizens of different states, thereby satisfying the first requirement for diversity jurisdiction.

---

[1]  UPS was incorporated in the state of Ohio and has its principal place of business in Georgia.

**B.   *Jurisdictional Amount in Controversy Satisfied.***

7.      The second requirement for diversity jurisdiction—that the amount in controversy exceed $75,000—is also met in this case, as Plaintiff's Motion explicitly seeks monetary relief "in the amount of 1 million dollars . . . ."  *Compare* Ex. 1, Pl.'s Orig. Pet. at 3, *with* 28 U.S.C. §§ 1332(a) & 1446(c) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .").

**C.   *Removal is Procedurally Proper.***

8.      Venue is proper in the District of Colorado, under 28 U.S.C. §1446(a), as Plaintiff's claim is pending in Denver County and Denver County is where a substantial part of the events giving rise to Cox's claims allegedly occurred.  *See generally* Ex. 1, Pl.'s Orig. Pet.

9.      UPS was served with a copy of Cox's Motion on April 22, 2021.  Ex. 2, Notice of Service.  UPS now has timely filed this Notice of Removal within thirty days of service of that Motion, as required.  28 U.S.C. § 1446(b)(3).

10.     Pursuant to 28 U.S.C. § 1446(a), UPS attaches to this Notice of Removal true and correct copies of Plaintiff's Motion (Ex. 1), the Notice of Service of Process (Ex. 2), true and correct copies of the state court's Docket Sheet (Ex. 3), and State Court Notice of Removal (Ex. 4), which constitute all process, pleadings, and orders served to date.

11.     Pursuant to 28 U.S.C. § 1446(d), promptly after this Notice is filed with this Court, UPS will serve written notice of its filing on Plaintiff.  Pursuant to 28 U.S.C. § 1446(d), UPS will also file a true and correct copy of this Notice with the clerk of the District Court, Denver County, Colorado.

### III.   CONCLUSION & PRAYER

12.     For the foregoing reasons, Defendant United Parcel Service, Inc. (Ohio) prays the United States Court for the District of Colorado assumes jurisdiction over this action being

removed from the Denver County District Court, Colorado.  UPS also prays for all other relief to which it may be entitled.

Respectfully submitted,

/s/ *Shannon B. Schmoyer*
Shannon B. Schmoyer
Texas Bar No. 17780250
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
PH: (210) 447-8033
FX: (210) 447-8036
sschmoyer@sr-llp.com

**ATTORNEY FOR DEFENDANT UNITED PARCEL SERVICE, INC. (OHIO)**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served *via first class mail and email* to:

Phillip K Cox
17836 E. Carolina Place
Aurora, CO 80017
Telephone: (303) 946-7871
phill.cox17@gmail.com

on this 11th day of May, 2021.

/s/ *Shannon B. Schmoyer*
Shannon B. Schmoyer